**ZIONS FIRST NATIONAL BANK, Plaintiff,**

v.

**Audrey ALLEN, et al., Defendants.**

**Civ. No. C–88–14W.**

United States District Court,
D. Utah, C.D.

June 16, 1988.

W. Waldan Lloyd, Jeffrey L. Shields, John P. Mullen, Lynda Cook, Salt Lake City, Utah, for Zions First Nat. Bank.

Rex E. Madsen, Ryan E. Tibbitts, Salt Lake City, Utah, for Anthony J. Hadeed.

Thomas Crowther, Roger Hoole, Salt Lake City, Utah, Christopher Ashworth, Lorraine Anderson, Los Angeles, Cal., for Audrey Allen, Steven D. Fisher and Barry J. Wolstan.

Richard D. Burbidge, Salt Lake City, Utah, for Joseph I. King.

## MEMORANDUM DECISION

WINDER, District Judge.

This matter is before the court on: (1) defendant Allen's, Fisher's, Wolston's, Kang's, and Hadeed's motion to dismiss for lack of personal jurisdiction, and (2) defendant Hadeed's, Allen's, Fisher's, and Wolston's motions to stay these proceedings. The court heard oral arguments on June 11, 1988. John P. Mullen and Lynda Cook represented the plaintiff Zions First National Bank. Richard D. Burbidge represented defendant Kang. Thomas N. Crowther and Roger H. Hoole represented defendants Allen, Fisher, and Wolston. Rex E. Madsen and Ryan E. Tibbitts represented defendant Hadeed. Prior to the hearing the court had read all papers submitted by the parties. After the hearing the court took the matters under advisement. After further consideration the court now renders this memorandum decision.

### Jurisdiction Over the Defendants

The first issue before the court is whether the defendants consented to jurisdiction in Utah and if so whether that consent can now be challenged.

### Consent

The plaintiff argues that the defendants consented to jurisdiction in a Utah court when the defendants agreed to be bound by the partnership agreement. The applicable portion of the partnership agreement provides:

> Each Partner hereby agrees that any suit, action or proceeding with respect to the Obligations may be brought in the state courts of, or the federal courts in, the State of Utah, and hereby irrevocably consents and submits to the jurisdiction of such courts for the purpose of any such suit, action or proceeding. Each Partner hereby agrees that service of process on such Partner in any such suit, action or proceeding may be made by registered or certified mail, postage prepaid, to such partner's address as set forth in the records of the Partnership. Each Partner hereby waives, and agrees not to assert against the Partnership (or any assignee thereof), by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, (a) any claim that it is not personally subject to the jurisdiction of the above-named courts or that its property is exempt or immune from setoff, execution or attachment, either prior to judgment or in aid of execution, and (b) to the extent permitted by applicable law, any claim that such suit, action or proceeding is brought in an inconvenient forum or that the venue of such suit, action or proceeding is improper or that the Obligations may not be enforced in or by such courts.

Parties to a contract can consent to litigate disputes in a particular forum by inserting a forum selection clause into their contract. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1202 (10th Cir.1986).

The defendants acknowledge that they were limited partners. However, the defendants contend that they never signed the partnership agreement and thus are not bound by the partnership agreement's forum selection clause.

The plaintiff has the burden of establishing jurisdiction over the defendants. However, on a motion to dismiss plaintiff need only make out a prima facie case that the defendants consented to jurisdiction. *Frontier Federal Savings & Loan Association v. National Hotel Corporation*, 675 F.Supp. 1293, 1295–96 (Utah 1987).

The plaintiff has not produced copies of the partnership agreement signed by the defendants. However, the plaintiff has produced documents entitled "CFS Sans Souci, Ltd. Subscription documents for Purchasers of Limited Partnership Interests" ("Subscription document") signed by all five defendants.

The subscription documents are identical except for the signature pages and the pages reserved for the defendants' person-

al information. The subscription document states, on page D1, in the first paragraph:

> The partnership is to be operated in accordance with an Agreement of Limited Partnership (the "Partnership Agreement"), a copy of which is included in the Private Offering Memorandum of the Partnership dated November 5, 1984 (the "Memorandum"), a copy of which has been furnished to the undersigned herewith:

On page D4 in the paragraph labeled (d) the subscription document states:

> He (the person signing the document) has received and carefully read or reviewed with his Purchaser Representative, if any, and is familiar with the *Partnership Agreement*, the Memorandum, this Agreement and the Secured Promissory Investor Note, and he confirms that all documents, records and other information pertaining to his investment in the Partnership and requested by him or his Purchaser Representative have been made available or delivered to him and/or his Purchaser Representative. (Emphasis added)

▆▆▆ Contracting parties can incorporate by reference other documents and make the documents incorporated by reference part of the contract. *Cf. USF & G v. West Point Construction Company, Inc.,* 837 F.2d 1507 (11th Cir.1988); *Armstrong v. Federal National Mortgage Association,* 796 F.2d 366 (10th Cir.1986). Prior to joining as limited partners in a partnership which was to be operated in accordance with the partnership agreement, the defendants acknowledged that they had received a copy of the partnership agreement and had reviewed the partnership agreement.

Since each defendant signed the subscription document which incorporated by reference the terms of the partnership agreement, the defendants are bound by the partnership agreement's forum selection clause. Accordingly, the court concludes that the plaintiff has met its burden of showing that the defendants consented to jurisdiction in Utah.

### *Enforceability of the Consent*

The opposing party must clearly show that enforcement of the forum selection agreement is unreasonable under the circumstances. *The Bremen v. Zapata Offshore Company,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). In order to show that the forum selection clause is unreasonable the moving party must clearly show either that: (1) the forum selection clause is invalid for fraud or overreaching or; (2) forcing the moving party to proceed in the selected forum will be so gravely difficult and inconvenient that the clause, for all practical purposes, will deprive the moving party of his or her day in court. *The Bremen v. Zapata Offshore Company,* 407 U.S. at 15, 18, 92 S.Ct. at 1916, 1917.

The defendants argue that both of the exceptions in the *Zapata* case are applicable.

### *Defendants' Rescission Argument*

▆▆▆ The defendants claim that the failure to register the partnership sale in California violated California law. In California, rescission is a remedy available to. an injured party when a contract violates state law. *See* California Civil Code § 1689(b)(5). Plaintiff argues that the right to rescind an illegal contract is grounds to ignore a forum selection clause contained in that contract. However, this court is of the opinion that the right to rescind a contract at some future date is not grounds to ignore a forum selection clause.

Plaintiff's argument regarding rescission is similar to a claim that an entire contract can be rescinded because of fraud. While the United States Supreme Court in *Bremen* held that fraud could be grounds to avoid enforcement of a forum selection clause, later Supreme Court decisions have made clear that the fraud complained of must be specifically related to the inclusion of the forum selection clause. *See Scherk v. Alberto/Culver Company,* 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974).

Thus, in cases where one party fraudulently induces another to enter into a contract, the forum selection clause is still valid unless the party charged with fraud also fraudulently induces the other party to accept the forum selection clause. *Giordano v. Witzer*, 558 F.Supp. 1261, 1264 (E.D. Pa.1983); *Hoffman v. Burroughs Corp.*, 571 F.Supp. 545, 549 (N.D.Tex.1982); *Crowson v. Sealaska Corp.*, 705 P.2d 905, 911 (Alaska 1985).

This is based on sound policy. Forum selection clauses are agreements by the parties concerning where disputes are to be resolved. A suit for fraud is just one of many disputes that might arise. Absent proof that the forum selection clause is the product of fraud the parties should litigate all claims, including fraud claims, in the agreed on forum.

The registration requirement is part of California's Blue Sky laws. Blue Sky laws are primarily designed to prevent fraud in the state security market. Even if the sellers of the partnership interest somehow committed what can be considered a fraudulent or illegal act in not registering the partnership interests those fraudulent or illegal acts are not directly related to the defendants' agreement to litigate disputes in Utah. Accordingly, the information presently before the court shows that the forum selection clause is valid and enforceable notwithstanding the defendants' argument based on rescission.

*The Defendants' Convenience Argument*

The defendants must show that a trial in Utah would be so gravely difficult and inconvenient that the defendants for all practical purposes will be deprived of their day in court. *The Bremen v. Zapata Offshore Company*, 407 U.S. at 18, 92 S.Ct. at 1917.

The defendants argue that trying this case in Utah will be difficult for them. Four of the five defendants are medical doctors. Dr. Kang has argued that his patients will be at risk if he is not there to serve their needs. While the court is sensitive to such an argument, it believes that the additional time in litigation that will be required of Dr. Kang by reason of the case going forward in Utah will not create any serious risk for his patients. Dr. Kang further argues that some of the witnesses will be beyond the subpoena power of this court. While this may be true, Federal Rules of Civil Procedure 32 allows testimony of unavailable witnesses to be introduced by deposition. Thus, the court will not be entirely deprived of their testimony.

All of the defendants join in an argument to the effect that unsophisticated individuals should not be forced to litigate in a big corporation's home forum. The court finds this argument unpersuasive. Each of these defendants filled out an individual purchaser questionnaire. All of these defendants certified that they had substantial assets. Further, each of the defendants claimed that they at least occasionally dealt in securities. As already mentioned, four of the five defendants are medical doctors. The defendant who is not a doctor is married to a doctor. Even though doctors do not learn about investing strategy in medical school, the court is convinced that given their educational background, the defendants can, at least, be expected to read and understand what they are signing.

The defendants must show an extreme inequality in bargaining position before this court can hold that the forum selection clause is invalid because of overreaching. The defendants have not met their burden.

*Defendants' Motion for a Stay*

The second issue before this court is whether this court should stay this action pending resolution of actions presently pending in California between some of the parties.

On January 8, 1988 Zions brought this action against six defendants. Four of those six defendants have filed motions to stay this action pending the outcome of cases which are now proceeding in California. The defendants either brought suit in

California or named Zions as a party in pending California actions after Zions filed their complaint in this court. The four California actions are pending before different judges. The actions in California and Utah have some similarities: the defendants are bringing the California action attempting to rescind notes payable to Zions for San Souci's and Zions' alleged violation of California Blue Sky laws; Zions is bringing this action attempting to collect the notes which the defendants are attempting to hold invalid.

Even though the claims in Utah and California are different there is a substantial overlap of parties and issues such that it would be more efficient to litigate the entire dispute in one forum. Further, neither the California case nor this case has proceeded very far. One final consideration is that the defendants have agreed to litigate disputes in Utah.

Given this background the court must determine whether it should stay this action under the analysis set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

In *Colorado River* the United States Supreme Court allowed a district court to stay federal proceedings pending the outcome of parallel state proceedings in the interest of efficient judicial administration. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). However, abstention is contrary to the general rule that a federal court must exercise the jurisdiction which Congress has given the court. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. Thus, before a court can abstain the court must balance the duty to decide disputes properly within the court's jurisdiction against the need to encourage efficient judicial administration. The balance is heavily weighted in favor of exercising jurisdiction. *Moses H. Kone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983).

The following are some of the factors that a court must consider: (1) inconvenience of the forum; (2) the desirability of avoiding piecemeal litigation; (3) the order of filing, giving preference to the first action filed; (4) the avoidance of obstructionist tactics; (5) the applicable law that must be applied; (6) the stage of the litigation (federal courts should abstain when parallel state courts actions have been substantially completed); (7) is the state court exercising jurisdiction over a res which is the subject matter of the suit; (8) comity between state and federal courts. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246 (factors 1, 2, 3 and 7); *State Farm Mutual Auto Insurance Company v. Scholes*, 601 F.2d 1151 (10th Cir.1979) (factors 4 and 8); *Moses H. Kone Memorial Hospital*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (factors 5 and 6).

Not all of these factors are applicable in this case. The following are some of the factors this court finds persuasive.

### Convenience of the Federal Forum

Either the defendants or the plaintiff is going to have to proceed in an out-of-state forum. However, Utah and California are only a short flight apart. Therefore, neither forum is extremely inconvenient.

Further, the defendants are seeking to have this court stay an action in the forum in which they agreed to litigate. When a party seeks to avoid litigating in the forum selected by the parties that party bears a tremendous burden. *The Bremen v. Zapata Offshore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Aloha Leasing v. Craig Germain Company*, 644 F.Supp. 561, 566 (N.D.N.Y.1986). For the reasons discussed earlier the forum selection clause weighs strongly in favor of finding that Utah, as the agreed upon forum, is the more convenient forum.

### Desirability of Avoiding Piecemeal Litigation

Zions is bringing one action in Utah to collect notes allegedly due from six defend-

ants. The California actions are pending in four different California courts. The defendants claim that the California actions can be consolidated if this court abstains. However, it is not certain that consolidation will occur in the California actions. In any event, the effort to consolidate all the cases in California is unnecessary since the cases are presently consolidated in Utah.

Defendants claim that the overlapping issues involving Sans Souci's and Zions' alleged violation of California's Blue Sky laws and Zions' action to collect the notes should be litigated in the same forum has some merit. However, even if the plaintiff prevails against San Souci, Zions may still prevail in its attempt to collect on the notes. While the court is of the opinion that it would be more efficient to try all the issues in one forum, the issues and claims of the parties are sufficiently different that trying the cases separately will not unduly interfere with efficient judicial administration.

### Order of Filing

Zions filed its action first. This factor cannot be mechanically applied. *Moses H. Kone Memorial Hospital*, 460 U.S. at 21–22, 103 S.Ct. at 939–940. However, when neither action has substantially progressed this factor is of some significance.

### The Applicable Law

The defendants argue that their action is based on California law and thus the case should be tried in California. It is true that California's Blue Sky laws will be applicable in determining a significant portion of the defendants' claim. However, the parties agreed that Utah law would apply in disputes between the parties. Thus, even though California law will apply on securities issues, Utah law will apply on the collection issues involving the notes.

### Comity

The defendants rely on *Ingersoll–Rand Financial Corporation v. Callison*, 844 F.2d 133 (3rd Cir.1988) in support of their comity argument. The *Callison* case is similar in some respects to this case. In *Callison*, the parties had a forum selection clause selecting New Jersey as the forum for resolving disputes. Plaintiff brought an action in Texas state court for rescission of limited partnership agreements based on Texas Blue Sky laws and federal security laws. The Texas action had progressed to a judgment in Ingersoll–Rand's favor, and only a formal order had to be signed to dispose of the case. Defendants then brought an action in New Jersey to collect the notes which plaintiff had signed. The Texas plaintiffs brought an action to dismiss the New Jersey action claiming that the issues were being decided in Texas. The New Jersey court, based on comity principles, dismissed the New Jersey action. The Third Circuit upheld the district court's decision to abstain.[1]

The comity principle that was of pre-eminent importance in *Ingersoll* was Congress' decision to allow plaintiffs in federal security fraud cases the choice of a state or federal forum. *See* 15 U.S.C. § 77v.[2] The court felt that the defendants filing suit on the notes in New Jersey after plaintiff had filed in Texas was a disguised attempt to remove the Texas action from state to federal court.

This case is significantly different. First, in *Ingersoll*, the Texas case was, for all intents and purposes, finished when Ingersoll–Rand filed suit in New Jersey. The Texas court was about to enter a judgment on the state security fraud claims in Ingersoll–Rand's favor. Presumably, the Texas judgment would either prevent the Texas plaintiff from challenging the obligations covered by the note, or the Texas judgment would bar any further claims by Ingersoll–

---

1. The Third Circuit overruled the trial judge's decision to dismiss because at the end of the Texas case there were still issues which needed to be resolved in the federal courts.

2. 15 U.S.C. § 77v prohibits a defendant from removing a federal securities claim brought in state court to a federal forum.

Rand to collect the notes on the theories of res judicata or collateral estoppel. In any event the Texas judgment would substantially simplify the collection suit.

Further, in *Ingersoll* the plaintiff filed their federal security claim in state court first. Thus, the court's concern with allowing the state court action to proceed without interference was an important factor especially in light of 15 U.S.C. § 77v. In this case, Zions filed its action first. Thus, deference to a previously filed state action is not a consideration.

Further, the vague references to violation of federal law in the California complaints probably do not state claims for federal security fraud under either California or federal law.[3] Therefore, this action in no way interferes with a federal security claim pending in state court. Thus, the comity concerns of 15 U.S.C. § 77v are not a consideration in this case.

After weighing all of the factors the court is of the opinion that this court should exercise jurisdiction. Accordingly, defendants' motion for a stay is denied.

### Conclusion

Defendants' motions to dismiss, to change venue, and to stay this proceeding are denied. This Memorandum Decision will serve as the order of the court and counsel need not submit an order.

---

**3.** Under California law fraud must be pled with particularity. *Committee on Childrens Television, Inc. v. General Foods Corporation,* 35 Cal.3d 197, 197 Cal.Rptr. 783, 673 P.2d 660 (1983). Actions based on the federal security laws anti fraud provisions must be pled with particularity. *In re Longhorn Securities Litigation,* 573 F.Supp. 255 (D.Okl.1983).