**J. Albert DAME and Pennsylvania Broadcasting Associates, II, Plaintiffs,**

v.

**J. Dominic MONAHAN and Dow, Lohnes & Albertson, Defendants.**

No. 1:CV–90–1649.

United States District Court, M.D. Pennsylvania.

March 14, 1991.

R. Stephen Shibla and Jesse R. Ruhl, Rhoads & Sinon, Harrisburg, Pa., for plaintiffs.

Patrick W. Kittredge, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, Pa., James A. Treanor, III, Matthew G. Weber and Stephen C. Crampton, Dow, Lohnes & Albertson, Washington, D.C., for defendants.

## MEMORANDUM

McCLURE, District Judge.

### I. BACKGROUND

Plaintiffs J. Albert Dame and Pennsylvania Broadcasting Associates, II, commenced this diversity action against defendants on September 11, 1990. Plaintiffs allege that they suffered damages due to the professional negligence of the defendants, J. Dominic Monahan, Esquire and the law firm of Dow, Lohnes & Albertson. On October 8, 1990 the defendants filed a motion to dismiss or, in the alternative, to stay this proceeding. Plaintiffs then filed, on October 26, 1990, a motion for an order enjoining prosecution of a related action filed by the defendants in Washington, D.C.

### II. RELEVANT FACTS

For the purpose of these motions, the facts of this case are essentially undisput-

ed. Plaintiff J. Albert Dame hired the defendants to conduct a review of the Federal Communication Commission's ("F.C. C.") files on a Jonestown, Pennsylvania radio station, WJNL–AM/FM, to determine if there were any outstanding complaints or petitions filed with the F.C.C. By letter dated September 20, 1989, Monahan advised Dame that according to the F.C.C. files and the Commission's staff, the radio station was currently free of any investigations involving political, EEO or general complaints. Monahan went on to state that "[i]n short, they appear to have a clean bill of health." Consequently, the plaintiffs entered into negotiations with the radio station's owner, the United Federal Credit Union ("U.F.C.U."), for the purchase of the radio station.

However, it was ascertained that U.F. C.U. *did not have uncontested ownership of* the radio station. Plaintiffs discovered that there did in fact exist an outstanding complaint against the station. At the time the defendants reviewed the files, a Petition for Reconsideration contesting the sale of the station to U.F.C.U. was pending before the F.C.C. This petition, which was filed by the former owners of the station on December 23, 1987, challenged the ability of U.F.C.U. to own, operate and/or sell the station.

This incident led to a dispute between Dame and the defendants. While the defendants requested that Dame pay the legal fees incurred by their search of the F.C.C. files, Dame demanded that the defendants pay to the plaintiffs an amount in excess of $50,000 for additional expenditures caused by the defendants' negligent legal work.[1] After settlement negotiations between the parties failed, the defendants filed a suit in Washington, D.C. in the Superior Court of the District of Columbia on August 31, 1990 to recover their legal fees, and on September 11, 1990 the plaintiffs filed the instant action to recover damages for legal malpractice.

## III. ANTI–INJUNCTION ACT

█ Plaintiffs maintain that this court is required to enjoin the Washington, D.C. action pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283, because that action interferes with this court's proper exercise of jurisdiction. The Anti–Injunction Act is an unequivocal prohibition against enjoining state court proceedings, subject only to three narrowly construed exceptions. Federal courts may only stay state court proceedings if such an injunction is 1) expressly authorized by Act of Congress, 2) necessary in aid of the federal court's jurisdiction, or 3) necessary to protect or effectuate the federal court's judgment. 28 U.S.C. § 2283. " 'Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.' " *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009, 1016– 1017 (1977), quoting *Atlantic Coastline R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234, 246–47 (1970).

Plaintiffs argue that the exceptions authorizing a federal court to issue an injunction where it is necessary in aid of its jurisdiction or to protect or effectuate its judgment apply in this case. This argument lacks merit. It is beyond question that these exceptions do not apply to the instant action.

Parallel in personam actions have never been viewed as interfering with the jurisdiction of either court. *Vendo Co. v. Lektro–Vend Corp.*, supra, 433 U.S. at 641–42, 97 S.Ct. at 2893, 53 L.Ed.2d at 1023 (a simultaneous in personam action in state court does not interfere with the jurisdiction of a federal court in a suit involving the same subject matter).

The Act does not allow a federal court to enjoin state proceedings "to protect a judgment that the federal court may make in the future but has not yet made." 17

---

1. The plaintiffs claim that the defendants' negligence caused expenditures for attorney fees and settlement costs in addition to delay damages, loss of profits and additional managerial expense.

Wright, Miller & Cooper, Federal Practice and Procedure, § 4226, at 548–49 (1988); *see Oliver v. Kalamazoo Board of Education*, 510 F.Supp. 1104, 1108 (W.D.Mich. 1981) (the exception which allows a federal court to issue an injunction to protect or effectuate its judgments is intended to prevent relitigation of cases and controversies already decided in the federal court).

Therefore, plaintiffs' motion for an order enjoining prosecution of the related action by defendants in the District of Columbia will be denied.

## IV. ABSTENTION

■ The defendants argue that the doctrine of abstention, as applied to the facts concerning this dispute, warrants a dismissal of the instant action in favor of the action filed in the District of Columbia. The cases involving abstention may be divided into four categories:[2]

> (1) Pullman-type abstention,[3] to avoid decision of a federal constitutional question where the case may be disposed of on questions of state law; (2) Burford-type abstention,[4] to avoid needless conflict with the administration by a state of its own affairs; (3) abstention to leave to the states the resolution of unsettled questions of state law; and (4) abstention to avoid duplicative litigation, now frequently referred to as Colorado River-type abstention.

17A Wright, Miller & Cooper, Federal Practice and Procedure, § 4241, at 28–29 (1988). The instant action involves the fourth type of abstention, which was recognized by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Although the Supreme Court did not use the word "abstention" in *Colorado River*, it acknowledged that under certain circumstances federal courts should decline to exercise jurisdiction over a case where there is a similar action pending in state court.

Specifically, the Court stated:

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." .... Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...." .... As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.... This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.... Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765, 780 (1983).

---

**2.** "While usefully separated for purposes of analysis, these categories are not watertight, and in considering the factors applicable to each category, the federal courts are not to apply 'a mechanical checklist,' but rather are to conduct 'a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Law Enforcement Insurance Co., Ltd. v. Corcoran*, 807 F.2d 38, 40 (2d Cir.1986),

**3.** *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

**4.** *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

*Id.* at 817–18, 96 S.Ct. at 1246, 47 L.Ed.2d at 498.

The Supreme Court has identified the following criteria to determine whether a federal court should abstain from hearing a case because another action is pending in state court: (1) the inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, (3) the order in which the courts obtained jurisdiction, (4) the presence of property over which the court has jurisdiction, (5) whether federal law provides a rule of decision on the merits, (6) the adequacy of state court proceedings to protect the plaintiff's rights, (7) the identity of issues, (8) the existence of a federal policy in favor of or against abstention, and (9) the existence of an important federal interest which federal courts might be more likely than state courts to enforce. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation District v. United States, supra; Ingersoll–Rand Fin. Corp. v. Callison,* 844 F.2d 133, 136 (3d Cir.1988). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River Water ter Conservation District v. United States, supra,* 424 U.S. at 818–819, 96 S.Ct. at 1247, 47 L.Ed.2d at 499.

In the instant action, a number of factors support abstention. Virtually all of the witnesses and evidence in this case are located in the Washington, D.C. area. In addition, the negligence is claimed to have occurred at the F.C.C., which is also located in Washington, D.C.[5] Further, in abstention analysis, the convenience factor includes notions of "judicial economy, efficiency, comity and of the convenience of the parties themselves, who will be able to avoid the same cause of action being litigated in two forums simultaneously." *Chintala v. Diamond Reo Trucks, Inc.,* 393 F.Supp. 1392, 1394 (E.D.Pa.1975).

Plaintiffs argue that this forum is not so inconvenient as to justify a disturbance of their choice of forum. This would be a more compelling argument if the court were dealing strictly with a motion of forum non conveniens. However, for the purposes of considering the instant motion, where the inconvenience of this forum is one of many factors which must be considered, it is abundantly clear that this factor supports abstention in favor of the pending action in the District of Columbia.

The remaining relevant factors also militate against the exercise of concurrent federal jurisdiction. This court's refusal to exercise concurrent jurisdiction will avoid the piecemeal litigation of the parties' claims which are based on the same facts and issues. The law of the District of Columbia not federal law, will provide the rule of decision. Plaintiffs' rights will be adequately protected in the District of Columbia proceeding. The central issue, whether the defendants adequately performed the legal services requested by plaintiffs, is identical. Finally, this case does not involve a federal interest which this court might be more likely to enforce.

Plaintiffs argue that the court should not abstain from hearing this case because federal courts have an "unflagging obligation" to exercise the jurisdiction given them. However, they fail to identify even one factor which counsels against abstention. Instead, they maintain that the factors involved in this case simply fall short of the exceptional circumstances test. The court, however, disagrees. The instant action clearly presents the type of exceptional circumstances which justify abstention. *See, e.g., Colorado River Water Conservation District v. United States, supra; Ingersoll–Rand Fin. Corp. v. Callison, supra; Sea Colony, Inc. v. Alcan Aluminum Corp.,* 653 F.Supp. 1323 (D.Del.1987); *CBS, Inc. v. Tee Vee Records, Inc.,* 96 F.R.D. 163 (S.D.N.Y. 1982); *Chintala v. Diamond Reo Trucks,*

---

**5.** The plaintiffs themselves are the only connection this case has with the Commonwealth of Pennsylvania.

*Inc., supra; Nigro v. Blumberg,* 373 F.Supp. 1206 (E.D.Pa.1974).

Therefore, since the claims asserted in the instant action can be fully adjudicated in the District of Columbia proceeding, this action will be dismissed. *See Ingersoll–Rand Fin. Corp. v. Callison, supra,* at 138 (a dismissal under *Colorado River* contemplates that the parallel state court litigation will completely resolve the issues between the parties).

We, therefore, enter the accompanying Order.

### ORDER

For the reasons stated in the accompanying memorandum, it is Ordered that:

1. Defendants' motion, filed October 8, 1990, to dismiss, is granted.

2. Plaintiffs' motion, filed October 26, 1990, for an order enjoining prosecution of a related action by defendants in Washington, D.C., is denied.

3. The clerk is directed to close the file.