WELLS FARGO HOME MORTGAGE, INC., Plaintiff

v.

The SECURITY TITLE GUARANTY CORPORATION OF BALTIMORE, and Fidelity Agency, Inc., Defendants

No. CIV.A. 03–CV–06406.

United States District Court, E.D. Pennsylvania.

Sept. 30, 2004.

Christopher J. Fox, Esquire, Cherry Hill, PA, for Plaintiff.

Denis M. Dunn, Esquire, Media, PA, for Defendants.

## OPINION

GARDNER, District Judge.

This matter is before the court on the Motion of the Security Title Guarantee Corporation of Baltimore to Dismiss Plaintiff's Amended Complaint and/or Stay Pro-

ceedings Pending the Outcome of Related State Court Proceedings, which motion was filed February 18, 2004. Plaintiff's response was filed on March 4, 2004. For the reasons articulated below, we deny defendant's motion to dismiss and motion to stay.

## JURISDICTION

Jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in this judicial district, namely Delaware County, Pennsylvania.

## FACTS

Based upon averments of the complaint, the pertinent facts are as follows.

On August 24, 1998, First Bankers Mortgage Services (First Bankers) loaned Robert B. Cornett and Ann M. Perry $75,204. The loan was evidenced by a Note and secured by a mortgage on the real property located at 2371 Bond Avenue in Upper Darby, Delaware County Pennsylvania. The mortgage was assigned to Wells Fargo Home Mortgage, Incorporated ("Wells Fargo"). On August 24, 1998 settlement on the loan occurred at the offices of defendant Fidelity Agency, Inc. (Fidelity).

Fidelity was the agent of defendant the Security Title Guaranty Corporation of Baltimore ("Security"). Fidelity and Security were the title-insurance, and loan-closing, agents for the First Bankers' loan with Cornett and Perry. First Bankers contracted with Fidelity and Security Title to provide services related to the loan. The services included assuring that Cornett and Perry executed the loan documents, recording the mortgage with the Recorder of Deeds of Delaware County, and insuring that First Bankers had the first lien on the property. Fidelity and Security issued a title insurance policy on the property.

In March 2000 Cornett and Perry defaulted on the loan. Wells Fargo initiated foreclosure proceedings. In May 2000 Wells Fargo conducted a lien and judgment search and determined that plaintiff's mortgage had not been recorded. Plaintiff notified Fidelity and Security, who subsequently recorded the mortgage on July 7, 2000.

In the interim between the August 24, 1998 closing, and the July 7, 2000 recording, on January 5, 2000, a subsequent lien holder recorded a mortgage on the property. As the first recorder of a mortgage on this property, this lien holder obtained first priority. Subsequently, the lien holder foreclosed on the property, which divested Wells Fargo of its interest in the property.

Based upon this prior lien, plaintiff submitted a claim to Fidelity under the title insurance policy. Wells Fargo alleges that, as of October 10, 2003, the total amount owed under the loan obligation was $113,244.96.

## PROCEDURAL BACKGROUND

On December 11, 2002, Wells Fargo and First Bankers filed a Complaint in the Court of Common Pleas of Delaware County, Pennsylvania, at docket number 02–14362 against Security, Fidelity, Cornett and Perry. The Complaint has nine counts. Count I is for breach of contract against Security. Count II is for breach of implied covenant of good faith and fair dealing against Security. Count III is for breach of fiduciary duty against Security. Count IV is for negligence against Security. Count V is for breach of contract against Fidelity. Count VI is for breach of implied covenant of good faith and fair dealing against Fidelity. Count VII is for negligence against Fidelity. Count VIII is

for breach of contract against Cornett and Perry. Count IX is for fraud against Cornett and Perry.

On November 24, 2003, Wells Fargo initiated this case by filing a Complaint against Security and Fidelity. Subsequently, on January 9, 2004, Wells Fargo filed an Amended Complaint. The Amended Complaint contains six counts, with each count brought against both Fidelity and Security. Count I is for breach of contract as to the closing. Count II is for failure to issue a title insurance policy. Count III is for breach of contract as to the title insurance policy. Count IV is for breach of an implied-in-fact contract as to the title insurance policy. Count V is a bad faith claim in which plaintiff seeks punitive damages. Count VI is a declaratory judgment action in which plaintiff seeks a declaration of its rights under the title insurance policy.

In its motion, Security argues that this federal action involves legal theories similar to the state court action commenced in Delaware County. In light of the pending state action, Security seeks either a dismissal of plaintiff's Amended Complaint or a stay of the federal action based on a theory of abstention as set forth in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) and in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Abstention is "[t]he doctrine ... under which a District Court may decline to exercise or postpone the exercise of its jurisdiction...." *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244, 47 L.Ed.2d at 495 (quoting *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959)). Wells Fargo argues that under the principles set forth in these cases, abstention is not appropri-

ate. Accordingly, Wells Fargo seeks dismissal of the motions to stay and dismiss.

## APPLICABLE LAW

In considering defendant's arguments, we first note that "[i]t is axiomatic that federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them' by Congress." *Ryan v. Johnson*, 115 F.3d 193, 195, (3rd Cir.1997) (quoting *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246, 47 L.Ed.2d at 499). This obligation requires federal courts to exercise jurisdiction even if concurrent litigation is pending in a state court. *Colorado River, supra; McClellan v. Carland*, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910); *Ryan, supra*. The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action. *University of Maryland v. Peat Marwick Main & Company*, 923 F.2d 265, 275–276 (3rd Cir.1991).

In certain exceptional circumstances a federal court may decline to exercise or postpone the exercise of its jurisdiction in deference to a pending state court proceeding. *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244, 47 L.Ed.2d. at 495; *see also Ingersoll–Rand Financial Corporation v. Callison*, 844 F.2d 133 (3rd Cir. 1988). In evaluating whether exceptional circumstances exist warranting abstention, there are six factors for the court to consider:

> whether either court has assumed [*in rem*] jurisdiction over property, the inconvenience of the federal forum, avoidance of piecemeal litigation, ... the order in which the courts obtained jurisdiction ... [,] which forum's substantive law governs the merits of the

litigation and the adequacy of the state forum to protect the parties' rights.

*Ingersoll–Rand,* 844 F.2d at 136. (Citations omitted). No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. *Colorado River,* 424 U.S. at 818–819, 96 S.Ct. at 1247, 47 L.Ed.2d at 499. If abstention is found to be appropriate, the court must then determine whether to stay the case or dismiss it.

Prior to applying these factors, the court must determine whether the state and federal actions are parallel. *Ryan, supra.* Generally, cases are parallel when they involve the same parties and claims. *Ryan,* 115 F.3d at 196. Upon determining that the cases are parallel, the court may then apply the six factors.

### DISCUSSION

#### Are the State and Federal Cases Parallel?

Security argues that the cases are parallel because both arise from the same operative facts. In both cases, Wells Fargo is seeking compensation from Security and Fidelity for their failure to record the mortgage in a timely manner and for their unwillingness to compensate Wells Fargo under the title insurance policy for the damages arising from that failure.

Security acknowledges that Counts II, IV and VI of the federal action have not been raised in the state action. However, Security argues that the state action could be amended to include these claims because they arise from the same operative facts as the other state law claims. Security also argues that the state action, in seeking monetary judgment, is essentially a request for declaratory relief identical to that of Count VI of the federal complaint.

Wells Fargo responds by noting that the state and federal actions do not have identical parties. It notes that the state action has an additional plaintiff, First Bankers, and two additional defendants, Cornett and Perry.

Additionally, Wells Fargo emphasizes that the federal action contains additional claims not made in the state action. Accordingly, Wells Fargo argues the two cases are not parallel.

█ We agree with Security that these cases are parallel. There are differences between the number of plaintiffs in both cases, but these differences are not significant. Although First Bankers is listed with Wells Fargo as a plaintiff in the state action, it is really Wells Fargo, as the assignee of First Banker's rights under the mortgage, which is seeking relief in the state claim.

Neither do we find that the presence of the mortgagors in the state, but not federal, action makes the two cases unparallel. In both actions, Wells Fargo is seeking compensation owed because of the default of the mortgagors. In both cases, Wells Fargo is pursuing action against Security and Fidelity because their failure to timely record the mortgage inhibited Wells Fargo's ability to obtain relief on mortgagor's default. While *Ryan* provides that "[g]enerally cases are parallel when they involve the same parties," 115 F.3d at 196, it does not require that the cases must always contain the same parties. Under the circumstances of this case, we find the two cases to be parallel.

### ABSTENTION

Next we address the six factors set forth in *Colorado River, supra,* and *Moses H. Hospital, supra.*

*Jurisdiction Over the Property.*

■ Neither the state or federal court has assumed in rem jurisdiction over the property. Accordingly, this factor does not weigh in favor of either forum.

*Inconvenience of Federal Forum.*

All parties involved in this case maintain offices within the territory of the United States District Court for the Eastern District of Pennsylvania. However, there is some minimal inconvenience that arises from the case proceeding in the federal forum.[1] Accordingly, this factor weighs minimally in favor of the state court.

*Avoidance of Piecemeal Litigation.*

Security argues that the avoidance of piecemeal litigation weighs heavily in favor of granting its motion. The United States Court of Appeals for the Third Circuit has noted that for this factor to weigh in favor of abstention, "there must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review." *Ryan*, 115 F.3d at 198. (Emphasis in original).

Security argues that a strongly articulated congressional policy arises from the "Federal policy involved in preserving the limited jurisdiction of the Federal Courts."[2] Relying on *Fidelity Federal Bank v. Larken Motel Company*, 764 F.Supp. 1014 (E.D.Pa.1991), defendant argues that, where removal of a state action is barred by the 30–day removal period allowed by the Federal Rules of Civil Procedure, the plaintiff in the state action should be prohibited from filing a concurrent federal case.

We find the *Fidelity Federal Bank* case inapplicable. In *Fidelity Federal Bank*, the court found a significant congressional policy through the limits on diversity jurisdiction as established at 28 U.S.C. § 1332. *Fidelity Federal Bank*, 764 F.Supp. at 1018.

There, our colleague United States District Judge Jan E. Dubois[3] noted that "[t]he diversity rules express the policy that disputes between non-diverse parties should be heard in state courts if no federal question exists." *Fidelity Federal Bank*, 764 F.Supp. at 1018. Based on this analysis, the court noted that it would not allow a litigant to circumvent this policy by "dropping the non-diverse party in the federal action, thereby preventing either court from adjudicating all claims between the parties, when the filing of a counterclaim in the state court action would permit the state court to adjudicate all claims between the parties." *Fidelity Federal Bank*, 764 F.Supp. at 1018.

In the case before the court, there is no indication that Wells Fargo has attempted to circumvent the policies established in the diversity rules. In the absence of any other clearly articulated congressional policy applicable to this litigation, we find this factor weighs in favor of allowing the federal case to proceed.

*Order in which the Courts Obtained Jurisdiction.*

Security argues that this factor weighs heavily in favor of granting its motion.

1. The inconvenience of the federal forum as compared to the state forum includes that most of the witnesses, and the parties themselves, are located in Delaware County, and thus are geographically closer to the state court.

2. See Memorandum of Law in Support of the Motion of the Security Title Guarantee Corporation of Baltimore to Dismiss Plaintiff's Amended Complaint and/or Stay Proceedings Pending the Outcome of Related State Court Proceedings, at page 7.

3. Judge Dubois is now a Senior United States District Court Judge.

Security notes that the state court obtained jurisdiction over this matter 11 months prior to the federal court obtaining jurisdiction. It notes that, during that span of nearly a year, extensive discovery took place in the state action. We agree with Security's position and find that this factor weighs in favor of abstention.

### Which Substantive Law Governs?

■ Pennsylvania substantive law controls resolution of all counts in both the state and federal action. Count VI of the federal action seeks declaratory relief under 22 U.S.C. § 2201. However, the court must apply Pennsylvania law to address this count because a district court exercising diversity jurisdiction in a declaratory judgment action must apply applicable state substantive law. *Nationwide Mutual Insurance Company v. Buffetta,* 230 F.3d 634 (3rd Cir.2000). "While the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely under state law." *Ryan,* 115 F.3d at 199. Accordingly, this factor weighs in favor of the federal case continuing.

### Adequacy of the State Forum to Protect the Rights of the Parties.

The Third Circuit has noted that "the mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction. Instead, this factor is normally relevant only when the state forum is inadequate." *Ryan,* 115 F.3d at 200. Inadequacy can arise if a state court would be unable to award part of the relief requested in the federal action. *Ryan,* 115 F.3d at 200.

In this case, neither side argues that the state forum is inadequate. Plaintiff's requested relief in this federal action is based entirely on state substantive law.

Plaintiff is seeking no relief in this federal action that the state court would be unable to award. Given the adequacy of the state forum, pursuant to *Ryan,* we find this factor weighs in favor of the federal case continuing.

### CONCLUSION

Having considered these factors, and mindful that abstention from the exercise of federal jurisdiction is the exception, not the rule, *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244, 47 L.Ed.2d. at 495, we conclude that the court should not abstain from exercising jurisdiction. Accordingly, we deny both defendant's motion to dismiss and defendant's motion to stay the proceedings.