Robert J. GIORDANO and Susan
K. Giordano

v.

I.R. WITZER, Morris Weinstein, Stephen
Witzer, and I.R. Witzer of
Florida, Inc.

Civ. A. No. 82–3455.

United States District Court,
E.D. Pennsylvania.

March 11, 1983.

Robert J. Vedatsky, Steven M. Kramer, Philadelphia, Pa., for plaintiffs.

Francis Pileggi, Woodlyn, Pa., Robert B. Famiglio, Media, Pa., for defendants.

## MEMORANDUM

LUONGO, Chief Judge.

This civil action, founded on diversity of citizenship, arises out of a sale of assets by I.R. Witzer Co., Inc. (hereafter Seller), to I.R. Witzer of Penna., Inc. (hereafter Buyer). Buyer and Seller, each incorporated under the laws of Pennsylvania, are closely-held corporations. Neither is a party to this action. Plaintiff Robert J. Giordano, husband of plaintiff Susan K. Giordano, owned one-third of the outstanding stock of Buyer at the time of sale of Seller's assets to Buyer. The remaining two-thirds of Buyer's stock were owned by Susan Giordano's father and brother, Samuel and Richard Furlano (hereafter the Furlanos). I.R. Witzer, Morris Weinstein and Stephen Witzer, the individual defendants in this action are

the sole or principal shareholders, officers and directors of Seller and its affiliate, defendant I.R. Witzer of Florida, Inc. (hereafter Witzer of Florida), a Florida corporation. Obviously, if this action were for breach of contract, Seller and Buyer would be the proper parties to this action and diversity jurisdiction would be lacking. Instead, plaintiffs brought this action alleging a "conspiracy to defraud" based upon a series of misrepresentations and false promises made in connection with the sale of assets. Defendants now move to dismiss, raising the following grounds: Improper venue, Fed.R.Civ.P. 12(b)(3); lack of personal jurisdiction over Witzer of Florida, Fed.R.Civ.P. 12(b)(2); failure to join Seller, Buyer and the Furlanos as indispensable parties, Fed.R.Civ.P. 19; and failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6). Defendants also move to strike the amended complaint in its entirety as redundant, immaterial, impertinent and scandalous, Fed.R.Civ.P. 12(f). I conclude that the parties validly agreed to litigate this dispute in the Court of Common Pleas for Delaware County. Accordingly, I decline to exercise jurisdiction over the action and will dismiss the amended complaint. I do not reach the other grounds advanced by defendants in their motion to dismiss.

The pleadings in this case are, to say the least, frightful. In excess of one hundred pages of exhibits are appended to the amended complaint. Included within this morass of paper are the agreement of sale for Seller's assets and the supporting documentation. Because the parties to this action appear not to appreciate the legal distinctions between the corporations and individuals involved in this transaction, it is helpful to highlight the major aspects of this sale before discussing the claims alleged in the amended complaint.

Seller had been engaged since 1938 in the fabrication of iron and aluminum at its place of business in Holmes, Pennsylvania on real property owned by defendant I.R. Witzer and his wife Rebecca. By agreement of sale dated July 9, 1979, Seller agreed to convey to Buyer for the sum of $300,000 all of Seller's machinery, equipment, name and goodwill. Because the agreement contemplated various personal obligations by several individuals, plaintiffs and the Furlanos signed the agreement as buyers, and the individual defendants and Rebecca Witzer signed as sellers. The agreement was expressly made contingent upon Buyer's obtaining a $300,000 loan commitment from Southeast National Bank (the Bank). Plaintiffs and the Furlanos agreed to personally guarantee the loan to Buyer. In addition, Buyer agreed to pledge all of its assets, inventory and receivables to the Bank to secure repayment of the loan. As a further inducement to the Bank to extend credit to Buyer, the individual defendants agreed to guarantee, for a term of three years, repayment of the $300,000 loan from the Bank to Buyer. However, individual defendants expressly reserved the right, in the event of Buyer's default, to acquire the Bank's interest, including its right, title and interest in any collateral securing the loan to Buyer. Finally, the agreement of sale incorporated two collateral agreements. The first was a covenant by Seller and individual defendants not to compete with Buyer for a period of five years in the states of New York, New Jersey, Pennsylvania, Delaware and Maryland. The second was an agreement by I.R. Witzer and his wife to lease their Holmes, Pennsylvania property to Buyer for a period of ten years with an option to purchase.

As one might guess at this point, Buyer defaulted on its obligation to the Bank. Hence, in May, 1982, the Bank obtained judgment against plaintiffs on their personal guarantee and executed on their personal belongings. Approximately two months later, plaintiffs commenced the instant lawsuit alleging that the individual defendants and Witzer of Florida conspired to defraud them by making material misrepresentations and false promises in connection with the sale of assets for the purpose of inducing plaintiffs to personally guarantee the note from Buyer to the Bank.

In a lengthy narrative, plaintiffs set forth in their amended complaint the plan

of individual defendants to sell the fabrication business in Holmes, Pennsylvania and relocate to Florida. Once there, individual defendants intended to resume operations as I.R. Witzer of Florida, Inc. Because of inadequate capital to operate Witzer of Florida profitably, and because their personal assets were heavily encumbered, individual defendants are alleged to have conspired, from in or about December 1978 to July 1979, to make material misrepresentations calculated to induce plaintiffs to guarantee the Bank's loan to Buyer.

Count I of the amended complaint describes the conspiracy and sets forth the overt acts alleged to have been performed in furtherance of the conspiracy. Specifically, plaintiffs alleged that one or more of the individual defendants, in furtherance of the conspiracy, misrepresented or falsely promised that: (1) I.R. Witzer and Rebecca Witzer were willing and able to convey, in connection with the sale of assets, good title to the Holmes, Pennsylvania real estate; (2) the actual value of Seller's "backlog" contracts was $1.3 million (when, in fact, it was far less); (3) the profit margins on the backlog contracts were greater than they actually were; (4) the value of Seller's equipment and machinery was in excess of $300,000 (when, in fact, it was far less); and (5) individual defendants would continue to guarantee the Bank's loan to Buyer beyond the three-year term specified in the agreement of sale should the Buyer fail to repay the loan in the three-year period. Plaintiffs allege that, in reasonable reliance upon these misrepresentations and false promises, they moved to Pennsylvania, incorporated Buyer, invested substantial sums in Buyer, and executed personal guarantees of Buyer's indebtedness. Plaintiffs allege that, as a result, they suffered substantial damage, including the loss of their investment of significant time and money in Buy-

er. In addition, plaintiffs allege that their personal property securing the loan guarantee was executed upon after Buyer defaulted.

Count II of the amended complaint incorporates the identical conspiracy set forth in Count I, but alleges additional overt acts performed in furtherance of that conspiracy. Essentially, Count II alleges that the individual defendants, "acting through their wholly owned corporate entity," Witzer of Florida, engaged in substantial competition with Buyer in violation of their covenant not to compete. Count II also contains a claim for punitive damages.

The first argument advanced in defendants' motion to dismiss is that proper venue is lacking in this court.[1] Defendants' argument is based on the forum selection clause set forth at paragraph 16 of the agreement of sale:

> 16. This Agreement and every term and condition thereof shall be construed under the laws of the Commonwealth of Pennsylvania and for the purpose of disputes arising under the terms hereof, the parties hereto vest exclusive jurisdiction upon the Court of Common Pleas of Delaware County, Pennsylvania, and waive any rights of diversity of citizenship as the same may be deemed to give rise to jurisdiction in the United States District Court.

(Amended Complaint, Exhibit C, ¶ 16).

In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court held that a forum selection clause in a contract between the parties is "prima facie valid," *id.* 407 U.S. at 10, 92 S.Ct. at 1913, and should be enforced absent a "strong showing" by the resisting party that "enforcement would be unreasonable and unjust, or that the clause

---

1. Defendants' motion to dismiss for "improper venue" is founded on the forum selection clause in the agreement of sale. Although a decision to enforce a reasonable forum selection clause is a proper basis for dismissal, it is not certain whether the clause affects venue or whether it affects the court's jurisdiction. 15 C. Wright, A. Miller & E. Cooper, *Federal Prac-*

*tice and Procedure* § 3808 (1976). Because the Court of Appeals for the Third Circuit appears to treat forum selection clauses as affecting jurisdiction, *e.g., Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341, 342 (3d Cir.1966), I will so treat defendants' motion to dismiss notwithstanding its label.

was invalid for such reasons as fraud or overreaching," *id.* 406 U.S. at 15, 92 S.Ct. at 1916. Although *The Bremen* was a case brought under federal admiralty jurisdiction, it is well-settled in this circuit that the Court's reasoning in *The Bremen* applies to diversity suits as well. *See Copperweld Steel Co. v. Demag-Mannesmann-Bohler,* 578 F.2d 953, 964–66 (3d Cir.1978); *Process and Storage Vessels, Inc. v. Tank Service, Inc.,* 541 F.Supp. 725, 733 (D.Del.1982); *Anastasi Brothers Corp. v. St. Paul Fire & Marine Ins. Co.,* 519 F.Supp. 862, 863–64 (E.D.Pa.1981); *see also Bense v. Interstate Battery System of America,* 683 F.2d 718, 721 (2d Cir.1982).

There is no dispute that plaintiffs, in their individual capacities, signed the agreement of sale containing the forum selection clause. Furthermore, it cannot be persuasively argued, and no argument is made, that enforcement of the forum selection clause would effectively deny plaintiffs their day in court. There is nothing unreasonable about requiring the parties to litigate this dispute in the Court of Common Pleas for Delaware County, Pennsylvania. Plaintiffs are residents of Delaware County, all of the alleged actionable events and occurrences transpired in Delaware County, and no one denies that Pennsylvania law governs the substantive legal issues presented in this case. Finally, if there is merit to defendants' argument that certain persons are necessary or indispensable to proper resolution of this dispute, those persons could be joined as parties to an action in state court without divesting that court of jurisdiction over the subject matter of the action.

Plaintiffs' argument in opposition to the enforcement of the forum selection clause is not directed at the reasonableness of trying this case in state court, but rather that the clause does not apply at all. Plaintiffs assert that their claims are based on tort. The complaint alleging a conspiracy to defraud does not, in plaintiffs' view, involve a dispute "arising under the terms [of the agreement of sale]." I disagree. Although plaintiffs' complaint sounds in tort, it is plain from the pleadings that this dispute

does indeed arise under the terms of the agreement of sale. The forum selection clause applies to "disputes" arising under the agreement of sale. It is not limited to actions for breach of contract. Examining the allegations of the complaint, it is readily apparent that several of the alleged overt acts done in the furtherance of the conspiracy relate to promises made in the agreement or to representations made during the negotiation of the agreement. As such, the amended complaint reflects an obvious confusion of the duties owed plaintiffs by virtue of the agreement as opposed to those owing under the law of tort. Plaintiffs' inability to separate the two is perhaps the best evidence that this dispute does indeed arise under the terms of the agreement. Having determined that the forum selection clause does encompass the present dispute, the only remaining question is whether the clause should be denied effect due to fraud or overreaching. *Copperweld Steel Co. v. Demag-Mannesmann-Bohler, supra.*

Plaintiffs have presented no argument that the forum selection clause is invalid due to fraud or overreaching. Admittedly, plaintiffs do charge fraud in the inducement of the agreement of sale, but fraud in the inducement of the agreement is not sufficient to invalidate the forum selection clause. As the Supreme Court stated in *The Bremen,* the clause will be enforced absent a strong showing "that *the clause* was invalid for such reasons as fraud or overreaching." 407 U.S. at 15, 92 S.Ct. at 1916 (emphasis added). The same rule applies with respect to an arbitration clause, which "in effect, is a specialized kind of forum-selection clause." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974). Fraud in the inducement of a contract containing an arbitration clause is not sufficient to invalidate the clause. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 402, 87 S.Ct. 1801, 1805, 18 L.Ed.2d 1270 (1967). To set aside the arbitration clause, the party resisting arbitration must show that the arbitration clause itself was induced by fraud or overreaching. *Dorton v. Collins &*

Aikman Corp., 453 F.2d 1161, 1170 (6th Cir. 1972); *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission,* 387 F.2d 768, 771 (3d Cir.1967). In my view, the same rule applies in the present context.

As I stated earlier, plaintiffs do not contend that the forum selection clause was induced by fraud. Similarly, there is no claim that the clause was the product of overreaching by defendants. Indeed, the terms of the agreement of sale on their face belie any suggestion of overreaching. This was not a contract of adhesion. The agreement provided for substantial rights and obligations on both sides. Moreover, plaintiffs were represented by able counsel during the negotiations, drafting and signing of the closing documents. In short, they have made no showing that it would be unjust or unfair to enforce the forum selection clause. Accordingly, because plaintiffs effectively agreed in advance to resolve this dispute in the Court of Common Pleas for Delaware County, I will decline jurisdiction and dismiss the amended complaint.[2]

Since I have determined that the forum selection clause should be enforced, I do not address the remaining grounds of defendants' motion to dismiss. While there may be merit to defendants' argument that Buyer and Seller are necessary or indispensable parties to this litigation, consideration of that argument is best left to the court that will ultimately decide the substantive issues in this case. The same holds true for defendants' motion to dismiss the amended complaint as to Witzer of Florida for lack of personal jurisdiction. Since this motion depends largely upon whether the individual defendants participated in any *tortious* activity in Pennsylvania on behalf of Witzer of Florida, it too is best left for the state court to decide.

## ORDER

This 11th day of March, 1983, it appearing that the parties effectively contracted to resolve this dispute in the Court of Common Pleas for Delaware County, Pennsylvania, and that this Court should decline to exercise jurisdiction, it is

ORDERED that defendants' Motion to Dismiss the Amended Complaint is GRANTED, with leave to plaintiffs to apply within 10 days for transfer of this action to the Court of Common Pleas for Delaware County, Pennsylvania pursuant to 42 Pa.Cons.Stat.Ann. § 5103.

---

**2.** I note that plaintiff may wish to transfer this case to the Court of Common Pleas for Delaware County in accordance with the procedures outlined in 42 Pa.Cons.Stat.Ann. § 5103.