[602 NYS2d 831]

In the Matter of STEVEN M. KRAMER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 14, 1993

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Steven M. Kramer,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent Steven M. Kramer was admitted to the

practice of law in New York by the Third Judicial Department on December 18, 1984. At all times relevant herein, the respondent has maintained an office for the practice of law within the First Judicial Department.

By petition dated April 19, 1993, the Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.3, publicly censuring the respondent based upon the fact that he was similarly disciplined by the Supreme Court of New Jersey on January 12, 1993. The disciplinary action was taken after a complaint was filed against the respondent alleging that after he agreed to represent both a father and daughter in a New Jersey action, he failed to oppose a motion by the defendant to disqualify him from participation in the litigation on conflict of interest grounds. The Judge in the action then entered an order disqualifying the respondent from representing either the father or the daughter. The respondent's request for a modification or a stay of the Judge's order was denied for failure to file within the applicable time period.

Despite the disqualification order, the respondent continued to act on behalf of the father and daughter in their litigation. He submitted supplemental answers to interrogatories and prepared a brief in opposition to the defendant's motion for summary judgment. After the court ruled on the summary judgment motion, the respondent prepared and filed a motion for a stay and for permission to file an interlocutory appeal. However, the motion was not timely made and was denied.

The respondent thereafter wrote to the Trial Judge concerning an order issued compelling the father to file more specific answers to interrogatories. The Judge, in a letter to the respondent, reminded him that he had been discharged, was no longer the attorney of record and informed the respondent that no further correspondence from him would be considered. The father was unable to retain another attorney to represent him prior to trial and appeared *pro se*. The case was dismissed at the close of the plaintiff's proof.

In response to the complaint filed in New Jersey, the respondent admitted that he did not oppose the disqualification motion, that he did not timely file the subsequent motion for modification or a stay and that despite the disqualification order, he continued to represent the father in the litigation. He denied that the Appellate Division in New Jersey had rejected his motion for a stay and permission to appeal simply because the motion was not timely filed.

Prior to the hearing conducted on the disciplinary charges, the respondent sent letters to the Ethics Committee objecting to any attorney involved in commercial litigation sitting on the Hearing Panel since such attorneys are in competition with him. He added that if such Panel members were not removed prior to the hearing, he would commence a suit in Federal court on constitutional grounds. At 4:30 P.M. on the day before the scheduled hearing, the respondent sent the Committee a fax stating "not having heard from the District Ethics Committee concerning my motion, I assume that it is still under investigation and that tomorrow's hearing will be rescheduled." The respondent never moved for an adjournment and the Committee conducted the hearing on the scheduled date in his absence.

At the conclusion of the hearing, the Committee found the respondent guilty of misconduct and recommended that he be privately reprimanded. On April 15, 1992, a hearing was held before the Disciplinary Review Board to review the findings and recommendation of the Ethics Committee. The respondent appeared *pro se*. The respondent admitted that he did not specifically request an adjournment of the proceedings before the Ethics Committee, offered no excuse for his failure to appear, did not challenge the decision to proceed in his absence nor did he raise the recusal issue.

Following a de novo review of the record, the Disciplinary Board concurred with the findings of the Ethics Committee that the respondent was guilty of unethical conduct. The Board found that the respondent had also failed to cooperate with the ethics authorities and recommended that he be publicly reprimanded. By order entered January 12, 1993, the Supreme Court of New Jersey adopted the report and recommendation of the Board and directed that the respondent be publicly reprimanded.

Based on the public reprimand imposed in New Jersey, the DDC seeks an order publicly censuring the respondent in New York. The DDC asserts that the misconduct for which the respondent was disciplined in New Jersey constitutes misconduct in New York and that no hearing is necessary since the respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c).

In response to the DDC's petition, the respondent alleged that he was not provided with adequate notice of the fact that the Disciplinary Review Board was going to consider the issue

of his absence from the Ethics Committee hearing in rendering its determination and that his absence from such hearing was not willful but arose out of a misunderstanding. He further contended that the Disciplinary Review Board was not willing to listen to his constitutional argument as to his competitors being on his Hearing Panel. He added that the work he did for the father after he was disqualified was *pro bono* and that he had acted in good faith to protect rather than harm the client.

In reply, the DDC maintained that the respondent did not perform work for the client *pro bono*. Instead, he was retained on a contingent fee basis which initially was set at a percentage above the legal maximum. The DDC further maintained that the respondent's absence from the initial hearing was not the central focus of the Review Board nor is there any indication from the record that the Review Board refused to listen to the respondent's arguments.

The acts of professional misconduct for which the respondent was found guilty in New Jersey also constitute misconduct in New York. The respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) and intentionally failed to seek the lawful objectives of the client in violation of DR 7-101 (A) (1) of the Code of Professional Responsibility. By representing the client after he had been disqualified by court order, the respondent violated DR 7-106 (A) and DR 1-102 (A) (5) *(see, Matter of Polur,* 173 AD2d 82, *lv denied* 79 NY2d 756, *rearg denied* 80 NY2d 827, *mot for intervention denied* 80 NY2d 891). His failure to cooperate with the Disciplinary Committee also violated DR 1-102 (A) (5) *(see, Matter of Kelly,* 157 AD2d 62).

In reciprocal disciplinary cases, the State where the respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions *(see, Matter of Reiss,* 119 AD2d 1). Based on the record, including the respondent's admissions, he is precluded from raising the defense that there was such an infirmity of proof establishing the misconduct that this Court could not accept as final the findings of the New Jersey Supreme Court.

Accordingly, the DDC's petition is granted and the respondent is to be publicly censured in New York pursuant to 22 NYCRR 603.3 predicated upon the fact that he was similarly

disciplined by the Supreme Court of New Jersey on January 12, 1993.

MURPHY, P. J., SULLIVAN, CARRO, ROSENBERGER and ROSS, JJ., concur.

Petition granted and respondent is publicly censured in New York pursuant to 22 NYCRR 603.3 predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey on January 12, 1993.