[664 NYS2d 1]

In the Matter of STEVEN M. KRAMER (Admitted as STEVEN MICHAEL KRAMER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 16, 1997

## APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Steven M. Kramer,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Steven M. Kramer, was admitted to the practice of law in the State of New York by the Third Judicial Department on December 18, 1984, as Steven Michael Kramer. Respondent was admitted to the New Jersey Bar in 1983. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In two separate petitions, the Departmental Disciplinary Committee (DDC) has moved for various sanctions against respondent based on numerous instances of professional misconduct.

## Sanction Hearing and Interim Suspension

Respondent represented Helen Selby from 1993 to 1996 in the United States District Court for the Southern District of New York, in a civil action against her former cooperative housing board. On December 19, 1995, District Judge Denise Cote dismissed Ms. Selby's complaint and imposed sanctions on respondent for willful failure to comply with several court-ordered discovery demands, behavior which caused substantial and irreparable prejudice to the defendants.* Judge Cote also found that respondent had intentionally made several false statements in his affidavit in opposition to defendants' motion for summary judgment. For example, respondent falsely asserted that certain requested documents had been provided and that his and Ms. Selby's depositions had been completed.

After Ms. Selby relieved respondent as counsel, he nonetheless filed an appeal to the Second Circuit on her behalf, which was properly dismissed as unauthorized on June 25, 1996. The Second Circuit subsequently affirmed Judge Cote's order on February 27, 1997, and noted that "in approximately three dozen cases courts have either imposed sanctions upon Kramer or his clients or admonished Kramer for unprofessional conduct." (Some of these cases are cited in *Kramer v Tribe*, 156 FRD 96 [D NJ 1994], *affd* 52 F3d 315 [3d Cir 1995].)

Notwithstanding the fact that he had been effectively dismissed as counsel, respondent filed a petition for rehearing on Ms. Selby's behalf on March 17, 1997, which was denied on April 7, 1997.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2),

---

* Sanctions were also imposed on Selby, but were vacated by the District Court on March 22, 1996.

and the doctrine of collateral estoppel, finding respondent had committed professional misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8), DR 2-110 (B) (4), DR 7-102 (A) (5), and DR 7-106 (A) (22 NYCRR 1200.3, 1200.15, 1200.33, 1200.37), and referring this matter back to the Disciplinary Committee solely to consider evidence in mitigation or aggravation, if any, and to recommend the appropriate sanction. The Committee additionally moves for an order temporarily suspending respondent, pursuant to 22 NYCRR 603.4 (e) (1) (iii), pending the conclusion of all disciplinary charges against him, upon the ground that there is uncontested evidence that he is guilty of professional misconduct which immediately threatens the public interest. Based on the facts set forth above, the Committee's motion is granted.

The Committee has satisfied the requirements for invoking collateral estoppel (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65). The factual and legal issues decided in connection with the matter before the District Court and the Second Circuit are identical to those that would be decided by the Committee and this Court in a formal disciplinary proceeding. The numerous motions that respondent filed to contest the findings of the District and Circuit Courts and vacate the sanctions imposed on him are proof that respondent had notice and a full and fair opportunity to be heard. Nothing in the record supports respondent's claims that these courts were unfairly biased against him.

By making false statements to the District Court, respondent violated DR 1-102 (A) (4) and (5) and DR 7-102 (A) (5) (*see, Matter of Patel*, 209 AD2d 100). By failing to withdraw as counsel after being discharged by Ms. Selby, respondent violated DR 2-110 (B) (4). Furthermore, respondent's pattern of willful misconduct violated DR 1-102 (A) (8).

This Court accordingly finds respondent has committed professional misconduct, in violation of the above-mentioned Code sections, and remands the matter to the Committee for a hearing to determine the appropriate sanctions.

Moreover, respondent's long history of such misconduct, despite repeated sanctions by State and Federal courts, indicates that nothing short of an interim suspension will suffice to protect the public from his pervasive tendency to transgress disciplinary rules, prejudice his opponents, waste the courts' time, and injure the interests of his clients. Respondent should be suspended from the practice of law pending the Committee hearing.

## Reciprocal Discipline

Respondent has also been disciplined by the New Jersey Supreme Court for similar obstructive tactics and disobedience of his client's wishes. Respondent began representing Jon E. DeLuca in August of 1986, against Olivia Newton-John, Patricia Farrar, and Koala Blue (USA) Ltd. (a corporation of which DeLuca had been Chairman of the Board). The action was commenced in the United States District Court for the Central District of California. The court granted summary judgment and an award of attorneys' fees to defendants. Defendants' attorney obtained a judgment against Mr. DeLuca for the attorneys' fees in New Jersey.

Mr. DeLuca, who was in poor health, wanted to settle the matter, but respondent convinced him to continue to contest the New Jersey judgment and to appeal the California summary judgment order, and to amend the retainer agreement to the effect that the case could not be settled for less than $100,000 without respondent's consent. When defendants' attorney again approached Mr. DeLuca with a settlement offer, he wanted to settle, but once again respondent prevailed upon him to file for bankruptcy in order to frustrate defendants' collection efforts. When it became clear that his bankruptcy petition would be denied, Mr. DeLuca told respondent to contact the other side about settlement, which respondent did not do. Mr. DeLuca also learned that respondent had continued the California action and was purporting to represent Koala Blue. When Mr. DeLuca relieved respondent as counsel, respondent attempted to block his subsequent settlement agreement with the defendants.

Respondent sued Mr. DeLuca in the United States District Court in New Jersey for breaching their retainer agreement. On August 31, 1990, the court dismissed the suit and found that respondent's conduct appeared to violate New Jersey Rules of Professional Conduct (RPC) 1.2 (a) (failing to abide by client's decisions as to goals of representation and settlement of claims) and RPC 1.8 (j) (acquiring a proprietary interest in the litigation). The DDC sustained both of these counts.

By petition dated June 17, 1997, the Departmental Disciplinary Committee moved for an order pursuant to 22 NYCRR 603.3 imposing reciprocal discipline on the basis of the New Jersey Supreme Court's findings of professional misconduct. Since the Committee will be holding a hearing concerning the appropriate sanctions to impose based on the *Selby* litigation, we remand this matter to the Committee so that it may consider all the misconduct charges in the same proceeding and recommend sanctions accordingly.

22 NYCRR 603.3 provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are: (1) lack of notice or opportunity to be heard at the foreign proceedings; (2) such a clear infirmity of proof establishing the misconduct that this Court could not credit the foreign court's determination; or (3) the attorney's conduct does not constitute misconduct in this jurisdiction. None of these defenses apply to respondent's case.

Respondent participated fully in the disciplinary proceedings in New Jersey. He testified, called an expert witness, and introduced documentary evidence in his defense. The New Jersey Supreme Court's findings of misconduct are supported by the record. The finding that respondent refused to comply with Mr. DeLuca's instructions regarding settlement is supported by his testimony and his correspondence with respondent, and by respondent's letters to the bankruptcy trustee in which respondent attempted to interfere with the settlement process. The finding that respondent obtained a proprietary interest in the California action is established by the modified retainer agreement. The rules that respondent was found to have violated in New Jersey have direct counterparts in the New York Lawyers' Code of Professional Responsibility. RPC 1.2 (a) is directly analogous to DR 7-101 (A) (1) and (2). The language of RPC 1.8 (j) is nearly identical to that of DR 5-103 (A).

The Committee has shown that the requirements for reciprocal discipline have been met. However, as we stated above, rather than merely ordering the six-month suspension imposed by New Jersey, we direct the Committee upon remand to consider the *DeLuca* matter along with the *Selby* matter at the sanctions hearing, and to recommend appropriate sanctions in light of respondent's over-all pattern of professional misconduct.

In sum, the Committee's petition for an order finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8), DR 2-110 (B) (4), DR 7-102 (A) (5) and DR 7-106 (A), based on findings rendered by the United States District Court for the Southern District of New York in *Selby v Arms* (No. 96-7448, Patterson and Cote, JJ.) is granted. It is further ordered that this matter be referred back to the Disciplinary Committee solely to consider evidence in mitigation or aggravation, if any, and to recommend the appropriate sanctions. The Committee's second petition for an order, pursuant to the doctrine of recip-

rocal discipline (22 NYCRR 603.3), suspending respondent for a minimum of six months, predicated upon similar discipline ordered by the Supreme Court of New Jersey, is granted to the extent of remanding this matter to the Committee to determine appropriate sanctions along with the *Selby* matter. Finally, respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until further order of this Court.

MURPHY, P. J., SULLIVAN, ROSENBERGER, WALLACH and WILLIAMS, JJ., concur.

Petition for an order finding respondent guilty of professional misconduct granted, and the matter is referred back to the Departmental Disciplinary Committee solely to consider evidence in mitigation or aggravation, if any, and to recommend appropriate sanctions.

Petition pursuant to the doctrine of reciprocal discipline granted to the extent of remanding the matter to the Committee to determine appropriate sanctions, and suspending respondent as an attorney and counselor-at-law in the State of New York, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded, and until the further order of this Court, all as indicated.