[677 NYS2d 576]

In the Matter of STEVEN M. KRAMER (Admitted as STEVEN MICHAEL KRAMER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 24, 1998

## APPEARANCES OF COUNSEL

*Richard Supple* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Steven Kramer* of counsel (*Steven Kramer & Associates,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven M. Kramer was admitted to the practice

of law in the State of New York by the Third Judicial Department on December 18, 1984, as Steven Michael Kramer. Respondent was admitted to the New Jersey Bar in 1983. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Over the past 11 years, respondent has been sanctioned, criticized, or otherwise disciplined 38 times for professional misconduct involving numerous clients (*see, Kramer v Tribe*, 156 FRD 96 [D NJ] [citing cases], *affd* 52 F3d 315 [3d Cir], *cert denied* 516 US 907). In our decision dated October 16, 1997 (*Matter of Kramer*, 235 AD2d 87, *lv denied* 91 NY2d 805), we temporarily suspended respondent from the practice of law and referred the matter back to the Departmental Disciplinary Committee for consideration of aggravating and mitigating factors and recommendation of the appropriate sanction. The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel's findings and its recommendation that respondent be disbarred.

The facts giving rise to respondent's suspension are outlined in more detail in our previous decision (*supra,* at 88-90). In connection with his representation of Helen Selby before the United States District Court for the Southern District of New York, respondent was sanctioned for willful disobedience of discovery orders, as well as for making false statements in affidavits. He also refused to accept being dismissed by his client, and went so far as to file an unauthorized appeal and a subsequent petition for rehearing on her behalf.

This pattern of resistance to a client's wishes was repeated during his representation of Jon E. DeLuca in New Jersey. Several times, respondent prevailed upon his ailing client to allow respondent to continue to litigate a weak case instead of accepting the other side's settlement offer. Once again, even after being relieved as counsel, respondent tried to block the parties' efforts to settle.

In determining whether to recommend disbarment, the Hearing Panel considered the recent misconduct described above, plus numerous other past instances of respondent's deliberate noncompliance with discovery orders and his contempt for the ethical rules of his profession. An abbreviated survey of respondent's long history of official reprimands reveals a whole repertoire of habitual misdeeds: refusing to cease acting on behalf of a client who has dismissed him (*e.g., Matter of*

*Kramer*, 193 AD2d 222); flagrantly violating discovery orders (*e.g.*, *International Min. Co. v Allen & Co.*, 567 F Supp 777, 789-790 [SD NY]); filing frivolous claims (*e.g.*, *LeMaster v Bull*, 581 F Supp 1170, 1173 [ED Pa]; *Giordano v Witzer*, 558 F Supp 1261, 1262 [ED Pa]); and making false statements to the court (*e.g.*, *Silverman v Weil*, 662 F Supp 1195, 1201 [D DC], *affd* 839 F2d 824 [DC Cir]; *Rubin v Buckman*, 727 F2d 71, 72 [3d Cir]). The above citations are by no means a comprehensive list of the occasions on which respondent has been called to task for employing such tactics.

At the hearing before the Committee, as mitigating evidence, respondent presented eight character witnesses, seven of whom were former clients. While those witnesses spoke highly of respondent, the Hearing Panel also took into account the fact that the witnesses were unaware of the formal charges in this proceeding. The Panel refused to rely on a polygraph test purporting to contravene the Southern District's finding that he had lied about certain discovery issues in the Selby matter, as this Court had already ruled that respondent was collaterally estopped from challenging the District Court's finding (*Matter of Kramer*, *supra*, 235 AD2d, at 89).

Aggravating factors included the frequency of respondent's misconduct, and the fact that notwithstanding repeated reprimands for the same behavior, he persisted in using these tactics in subsequent lawsuits. The Panel also considered an article in Lawyer's Weekly USA in which respondent was quoted as referring to the findings of his numerous ethical violations as "for chicken-shit stuff." In this article, he compared himself to a superstar athlete who is willing to risk breaking the rules although he is sometimes penalized: sanctions were just a necessary cost of playing the game zealously. Respondent stood by these statements when questioned at the disciplinary hearing, and expressed his belief that his criticized conduct was simply "part of being a tough litigator."

Over-all, the evidence presented at the hearing demonstrates that respondent has shown neither remorse nor self-control. Neither the public censure and private reprimand nor the temporary suspension he received from this Court, nor the public reprimand from the Supreme Court of New Jersey, have deterred his misconduct. He appears unable to appreciate the magnitude of the harm he causes to his clients and to the courts before which he practices. Disbarment is certainly warranted where the respondent's pattern of ethical violations covers such a wide range of cases over several years (*Matter of*

*Evangelista*, 233 AD2d 1, 3), especially since that pattern is likely to continue due to respondent's evident imperviousness to sanctions and his indifference to the consequences of his actions (*Matter of Mason*, 208 AD2d 1, 36, *rearg dismissed* 216 AD2d 89).

Accordingly, the Committee's petition is granted, the Hearing Panel's findings of fact and conclusions of law are confirmed, and the respondent is disbarred with his name to be stricken from the roll of attorneys forthwith.

SULLIVAN, J. P., ROSENBERGER, WALLACH, WILLIAMS and MAZZARELLI, JJ., concur.

Petition granted, respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and respondent's name ordered struck from the roll of attorneys and counselors-at-law in the State of New York, effective September 24, 1998.