09-0950-cv
Jackson v. The Scotts Company

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges,*
> P. KEVIN CASTEL,[*]
> > *District Judge.*

------------------------------------x

MARIA JACKSON,

> *Plaintiff-Appellant,*

v.                                                                No. 09-0950-cv

THE SCOTTS COMPANY,

> *Defendant-Appellee.*

------------------------------------x

**COUNSEL FOR APPELLANT:**          SANDRA D. FRELIX, New York, NY.

**COUNSEL FOR APPELLEES:**          CRAIG S. FRIEDMAN, (Matthew W. Lampe, *on the brief*)

---

[*]The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

Jones Day, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff Maria Jackson ("plaintiff" or "Jackson") appeals from the February 11, 2009 judgment of the District Court dismissing Jackson's claims of discrimination, defamation, failure to make reasonable accommodations, and breach of the implied duty of good faith against defendant The Scotts Company ("defendant" or "Scotts") under the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), the Equal Protection Clause of the New York State Constitution, and New York common law in this diversity action. On appeal, plaintiff argues that the District Court erred in (1) dismissing plaintiff's claims under the NYCHRL after concluding that the discriminatory acts did not occur in New York City; (2) dismissing in part plaintiff's claims under the NYSHRL as untimely; (3) dismissing plaintiff's claims for punitive damages after concluding that punitive damages are unavailable under the NYSHRL; (4) not giving effect to a stipulation between the parties to extend plaintiff's time to respond to defendant's motion to dismiss; (5) denying plaintiff's request to extend discovery; and (6) the district judge's failure to disqualify himself. We assume the parties' familiarity with the facts and the procedural history of this case.

Plaintiff argues that, for various reasons, the District Court's March 27 and April 30, 2008 orders granting defendant's partial motion to dismiss under Fed. R. Civ. P. § 12(b)(6) were in error. Because Jackson did not oppose this motion to dismiss before the District Court, she failed to raise the arguments she now makes on appeal before the District Court. We will not consider arguments raised for the first time on appeal. *Diaz v. Paterson*, 547 F.3d 88, 94-95 (2d Cir. 2008). Accordingly, we decline to consider plaintiff's arguments that the District Court erred in dismissing her first through third claims to relief, to the extent that they are time barred, and her fourth through eleventh claims for relief, in their entirety.

The District Court dismissed plaintiff's remaining claims—namely, claims under the NYSHRL arising out of acts occurring after December 21, 2004—in a memorandum opinion of February 10, 2009 for non-compliance with a discovery order pursuant to Fed. R. Civ. P. 37. On appeal, plaintiff fails to contest the basis on which the District Court dismissed these claims—namely, for failure to comply with discovery orders. Jackson's brief states only that "Plaintiff responded to the Defendant's discovery requests." Pl. Br. 7. "[A] single conclusory sentence" is insufficient to raise an issue on appeal, *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005), and an argument not raised in an appellate brief is deemed abandoned and lost. *United States*

2

*v. Joyner* , 313 F.3d 40, 44 (2d Cir. 2002).  Accordingly, we conclude that Jackson has abandoned any argument to challenge the District Court's dismissal of her claims under the NYSHRL for acts occurring after December 21, 2004.

Finally, plaintiff argues that the district judge erred in denying Jackson's motions to disqualify him.  Before the District Court, plaintiff argued that Judge Kaplan should be disqualified because the law firm at which he formerly was a partner purportedly represented defendant in an unrelated matter.  On appeal, however, Jackson argues that Judge Kaplan should be disqualified because of a "pattern of unequal treatment of the parties' legal arguments and filings."  Pl. Br. 12, 21.  Because plaintiff did not raise this argument before the District Court, we decline to consider this argument. *See Diaz*, 547 F.3d at 94-95.  On appeal, plaintiff does not argue that recusal is warranted because of a purported connection between Judge Kaplan's former law firm and defendant, and thus plaintiff has abandoned this argument. *Joyner*, 313 F.3d at 44.  In any event, to do so would be futile as the firm has confirmed on the record that it has never represented defendant.

## CONCLUSION

We have reviewed plaintiff's arguments on appeal and find each of them to be without merit.  For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk


By:_____

3