[17 NYS3d 716]

In the Matter of SANDRA D. FRELIX (Admitted as SANDRA DELORES FRELIX), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 22, 2015

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Sandra D. Frelix,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Sandra D. Frelix was admitted to the practice of law in the State of New York by the First Judicial Department on August 4, 1997, under the name Sandra Delores Frelix. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.

In May 2013, respondent was served with a notice and statement of charges alleging 15 counts of professional misconduct involving four matters, and charging violations of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b); 1.4 (a) (1) (iii); 8.4 (d), (h); 1.16 (b) (3) and Code of Professional Responsibility DR 1-102 (a) (4) (two counts) and (5) (seven counts) (22 NYCRR 1200.3 [a] [4], [5]) and DR 7-102 (a) (2) (22 NYCRR 1200.33 [a] [2]).[1] Respondent was charged with engaging in a pattern of misconduct including neglect, ex parte communications, misleading the Departmental Disciplinary Committee (the Committee), frivolous motion practice, and disregard of court orders. In her amended answer, respondent denied the charges.

In August 2013, the Committee moved before a Referee to find respondent guilty, pursuant to the doctrine of collateral estoppel, of charges 5-10, 12 and 15, based upon findings and rulings issued by several courts.[2] The Referee granted the mo-

---

**1.** Charges predicated on conduct that occurred prior to April 1, 2009, the effective date of the New York Rules of Professional Conduct, were charged under the Lawyer's Code of Professional Responsibility.

**2.** The Committee urged the Referee to give collateral estoppel effect to (1) charges five, seven and eight (conduct prejudicial to the administration of justice [DR 1-102 (a) (5)]) for filing frivolous motions, failing to cooperate with court orders, and sending ex parte communications to an unassigned judge, and charge six (knowingly advancing an unwarranted claim or defense

tion in its entirety on November 13, 2013, and, following a liability hearing, issued a report sustaining the remaining charges on April 25, 2014.[3] After a sanction hearing, the Referee issued a report, dated October 17, 2014, recommending a 3½-year suspension (to be reduced by six months if respondent submits evidence of remedial studies in ethics and professionalism and pays outstanding fines and penalties).

On January 22, 2015, a Hearing Panel convened for a hearing scheduled to begin at 10:30 a.m. After waiting for respondent for an hour, the Panel proceeded with the hearing in her

[DR 7-102 (a) (2)]), related to respondent's representation of a client in a racial discrimination action before the U.S. District Court for the Southern District of New York, in which Judge Lewis A. Kaplan imposed several sanctions on respondent for frivolous motion practice (*see Jackson v Scotts Co.*, 2009 WL 321010, 2009 US Dist LEXIS 14454 [SD NY, Feb. 10, 2009, No. 08 Civ. 1064 (LAK)], *affd* 356 Fed Appx 513 [2d Cir 2009], *cert denied* 561 US 1033 [2010]); (2) charges nine (conduct involving dishonesty, fraud, deceit, and/or misrepresentation [DR 1-102 (a) (4)]) and 10 (conduct prejudicial to the administration of justice [DR 1-102 (a) (5)]), related to respondent's representation of a client in the U.S. District Court for the District of New Jersey, in which Judge Robert B. Kugler sanctioned respondent by revoking her pro hac vice status, and notifying other jurisdictions of her conduct, where she had used local counsel's electronic signature on a motion without his knowledge or consent (*see Chambers v Heidelberg, USA, Inc.*, 2007 WL 1544255, 2007 US Dist LEXIS 38819 [D NJ, May 25, 2007, Civil No. 04-583 (RBK)]; (3) charge 12 (conduct prejudicial to the administration of justice [DR 1-102 (a) (5)]), related to respondent's representation of a client in the District Court for the District of New Jersey, in which Judge Joel A. Pisano sanctioned respondent and her client by dismissing the client's complaint, where respondent and her client willfully disregarded a magistrate judge's discovery orders (*see Torres v Amerada Hess Corp.*, 240 Fed Appx 946 [3d Cir 2007] [affirming dismissal as sanction]); and (4) charge 15 (conduct which adversely reflects on respondent's fitness as a lawyer [DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])]; Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h)]) insofar as it related to respondent's conduct in those three cases.

3. The Referee sustained the remaining charges—charge one (neglecting a legal matter [Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b)]); charge two (failing to inform client of a material development [rule 1.4 (a) (1) (iii)]); charge three (conduct prejudicial to the administration of justice [rule 8.4 (d)]); and charge four (continuing to act as counsel after discharge [rule 1.16 (b) (3)])—related to respondent's representation of a client in the U.S. District Court for the Southern District of New York (Judge David Hittner), in which respondent failed to seek reinstatement of an action dismissed without prejudice (provided reinstatement was sought if settlement could not be reached within 90 days of dismissal), failed to notify her client of a settlement offer before the matter was dismissed, sought "assistance" by sending a letter to a judge who was previously assigned to the case, and continued acting as counsel on the case after having been discharged by her client.

absence.[4] By report and recommendation dated March 12, 2015, the Panel recommended affirming the Referee's liability report, disaffirming the sanction report, rejecting the Referee's proposed 3½-year suspension and, instead, imposing a five-year suspension.

Now, by a petition dated April 9, 2015, the Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (d), confirming the Hearing Panel's report and recommendation and suspending respondent from the practice of law for five years. Respondent opposes the motion and seeks dismissal of the Panel's report.

We find that the Hearing Panel's findings of fact and conclusions of law, sustaining all 15 charges, are supported by an overwhelming amount of evidence and should be confirmed. Respondent's conduct is marked by her absolute lack of consideration for the courts, her adversaries, and her clients, resulting in the dismissal and/or expiration of time to appeal in each case at issue.

With respect to the charges that were sustained pursuant to the doctrine of collateral estoppel, the Hearing Panel properly found that there was an identity of issues with respect to the underlying orders and that respondent had a full and fair opportunity to litigate those issues (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). In each case, respondent was given notice of the possible imposition of sanctions and an opportunity to be heard, and either unsuccessfully appealed, attempted to appeal, or took no appellate action.

Respondent's claim that the Committee admitted, by silence, that her arguments as to collateral estoppel were correct, is

---

4. After the hearing, the Panel Chair noticed that respondent had emailed him at 11:11 a.m., stating "My breathing is labored. I am going to my doctor." The next day, respondent submitted to the Panel an undated doctor's note that said "[Patient] is sick and could not come to work from January 19—. Should be able to return on 1/26/15." The Panel later learned that on January 22, the day of the hearing, respondent had filed a civil rights action against the State of New York, in the U.S. District Court for the Southern District of New York, challenging the charges, and moved to stay the disciplinary proceedings. In those papers, respondent indicated that she had been suffering from the flu for weeks but had not seen a doctor. (The federal court sua sponte dismissed respondent's federal claims as frivolous.) While "skeptical of respondent's attempt to explain her failure to appear" and believing that her absence might provide a reason for disbarment, the Hearing Panel found that "the underlying facts ha[d] not been established with certainty" and, instead, chose to "focus on the clear-cut record evidence of her misconduct in the four underlying lawsuits."

nonsensical. Since bringing the collateral estoppel motion, the Committee has consistently maintained the doctrine's applicability to the underlying sanction orders.

As to the remaining charges, respondent's claim that certain documents relieve her of responsibility is unpersuasive. For example, in her letter to opposing counsel in the first case in the Southern District of New York (SDNY), respondent admitted her failure to contemporaneously serve the defendant a copy of her letter to the unassigned judge, making it an ex parte communication. Moreover, contrary to respondent's suggestion, a letter from her client's new counsel in the second SDNY case does not indicate that the client continued to consider respondent to be her counsel; rather, it accused respondent of legal malpractice.

Furthermore, respondent's objections to the Panel's composition are meritless. The Panel was comprised of four of the seven members identified in the Committee's prehearing notice, three of whom were lawyers. Pursuant to 22 NYCRR 605.22 (d), all matters before a Hearing Panel are to be determined by three members, two of whom constitute a quorum. Only two members of the Panel must be attorneys (see 22 NYCRR 605.18 [b]). Further, respondent's claim that the Panel did not consider her positions is belied by the Panel's 58-page report, which reflects a thorough review of the record.

The charged conduct is serious and involves the disregard of numerous court orders and the advancement of frivolous claims, resulting in the dismissal of three matters. Moreover, by failing to timely file papers, failing to appear before the Panel, presenting factually and legally unsupportable arguments, accusing the Panel of bad faith, and suggesting that the Committee hacked her email, respondent is displaying the same kind of disregard for the law, the courts, and her adversaries as she displayed in the underlying cases.[5] Her actions reflect a lack of understanding of the basic principles guiding professional conduct. She has failed to demonstrate

---

5. Respondent's frivolous conduct has not ceased, as evidenced by her separate motion in this proceeding to dismiss the "complaint" pursuant to CPLR 3211 (a) (1) and (7), on the ground that, by not contradicting or refuting the claims asserted in her amended answer, the Committee must be deemed to have admitted those responsive claims. To the contrary, pursuant to 22 NYCRR 605.12 (e), pleadings in disciplinary proceedings are limited to the charges and an answer (both of which may be supplemented or amended); no other responsive pleadings are permitted. (Respondent's alternative argument in the dismissal motion—that the Committee failed to properly define

remorse or acknowledge her wrongdoing, and has not presented any character witnesses or evidence of mitigating factors.

With respect to sanctions, the Panel's recommendation of a five-year suspension, which respondent does not address, is an appropriate sanction, perhaps even a generous one, in light of respondent's pattern of misconduct in four cases over a five-year period, misconduct which continued in the face of repeated warnings and sanctions. The multiple aggravating factors, including respondent's lack of remorse or acknowledgment of wrongdoing, and failure to pay prior sanctions, and the absence of compelling mitigating factors also counsel in favor of a lengthy suspension (*see Matter of Abady*, 22 AD3d 71 [1st Dept 2005] [five-year suspension for pattern of misconduct including neglect and repeated disregard of court orders despite steps to improve behavior, character testimony, and extensive pro bono work]; *Matter of Brooks*, 271 AD2d 127 [1st Dept 2000], *appeal and lv dismissed* 95 NY2d 955 [2000] [disbarment, despite health problems and personal tragedies, for neglect, repeated failure to comply with court orders, knowingly advancing unwarranted claims, failure to cooperate with the Committee, and failure to fully accept responsibility]; *Matter of Kramer*, 247 AD2d 81 [1st Dept 1998], *lv denied* 93 NY2d 883 [1999], *cert denied* 528 US 869 [1999] [disbarment for pattern of misconduct over many years, including refusing to cease acting on clients' behalf after discharge, disobeying discovery orders, making false sworn statements, and filing frivolous claims]).

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings of fact and conclusions of law should be granted and respondent suspended from the practice of law for a period of five years.

GONZALEZ, P.J., TOM, MAZZARELLI, ACOSTA and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of five years, effective November 23, 2015, and until further order of this Court.

and apply the doctrine of collateral estoppel—is also without merit for the reasons discussed above.)