Matter of Savitt (2019 NY Slip Op 01339)





Matter of Savitt


2019 NY Slip Op 01339


Decided on February 21, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Dianne T. Renwick, Rosalyn H. Richter, Peter Tom, Troy K. Webber, Justices.


M-5288

[*1]In the Matter of Richard P. Savitt, (admitted as Richard Paul Savitt), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Richard P. Savitt, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Richard P. Savitt, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on November 26, 1996.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Elizabeth A. Palladino, of counsel), for petitioner.
Respondent pro se.



Per Curiam.


Respondent Richard P. Savitt was admitted to the practice of law in the State of New York by the Third Judicial Department on November 26, 1996, under the name Richard Paul Savitt, and at all times relevant to this proceeding, he maintained an office within the First Judicial Department.
In 2017, the Attorney Grievance Committee (AGC) commenced this proceeding by filing a combined motion based upon collateral estoppel and a petition of charges alleging that respondent was guilty of professional misconduct by engaging in frivolous litigation, making false statements of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to the tribunal by the lawyer, undignified or discourteous conduct before a tribunal, conduct involving dishonesty, fraud, deceit or misrepresentation, conduct prejudicial to the administration of justice, and other conduct adversely reflecting on fitness as a lawyer. Eleven of the fourteen charges brought against respondent were based on adverse judicial findings made against him in four separate civil actions [FN1] which resulted in the imposition of $46,150 in sanctions and, thus, the AGC sought an order sustaining these charges pursuant to collateral estoppel. In light of respondent's failure to submit an answer to the petition of charges, the collateral estoppel portion was held in abeyance pending receipt of a motion to find respondent in default of the petition of charges.
In June 2017, the AGC moved for an order deeming the three charges (not covered by its collateral estoppel motion) admitted based on respondent's default in answering the petition and sought his interim suspension based on his default. Respondent, inter alia, cross-moved to dismiss the petition of charges/ collateral estoppel motion, asserting lack of service, but did not answer the charges.
By unpublished order of April 24, 2018 (corrected April 26, 2018), this Court found respondent guilty of 11 charges of professional misconduct, pursuant to the doctrine of collateral estoppel, and appointed a referee to conduct a sanction hearing; and by a separate published order and decision of April 26, 2018, this Court found respondent in default, deemed the three charges not covered by the AGC's collateral estoppel motion admitted, immediately suspended him from the practice of law pursuant to the Rues for Attorney Disciplinary Matters (22 NYCRR 1240.9(a)(1), and referred the matter to the referee for one sanction hearing (Matter of Savitt, 161 AD3d 109 [1st Dept 2018], lv dissmissed, 32 NY3d 1043 [2018])[FN2].
Following a hearing, the Referee recommended that respondent be suspended for three years with his reinstatement conditioned on payment of the $46,150.88 in court ordered sanctions. The Referee found that respondent's misconduct was aggravated by his issuance of two sets of subpoenas which sought material irrelevant to sanction; the first set of which were infirm in that they had not been signed and issued by the Clerk of this Court and the second set which were obtained by a lack of candor with this Court in that respondent represented the "so ordered" subpoenas sought material relevant to mitigation. Further, given the circumstances under which the second set of subpoenas were obtained, the Referee found that respondent's [*2]service thereof "constituted unprofessional harassment of the parties served."[FN3]
As additional aggravation, the Referee cited to respondent's offering of exhibits and testimony which challenged this Court's prior misconduct findings, the 2004 sanction he received in a civil action (Cooper v Mansfield) for filing a premature and frivolous default motion, and his complete lack of remorse.
The Referee noted respondent's failure to present evidence of civic, religious or charitable activities, nor did he offer any character references. The Referee also found that respondent had not demonstrated any effort to pay the sanctions imposed against him and he showed no appreciation for the professional significance of the judicial findings underlying them. While respondent claimed that he lacked funds to pay the sanctions, the Referee noted that he did not offer proof as to his finances.
As to respondent's overall posture at the sanction hearing, the Referee opined —
"[i]n short, Respondent's presentation lacked any significant element of mitigation. Rather, from start to finish, it was in aggravation of his professional misconduct as determined by this court, as he continually attempted to relitigate that established liability."
As to his ultimate sanction recommendation, the Referee found —
"In sustaining the charges herein, this court has found that Respondent made false statements and engaged in repeated abusive conduct to courts and adversaries, which he continued in this sanction proceeding. In the words of Judge d'Auguste, supra: " His misconduct has delayed litigation, inflicted unnecessary expense on adversaries, and wasted judicial resources that could have been better spent on resolving meritorious matters.'"
* * *
"Given Respondent's serious misconduct in four civil actions, where he made false statements and abused courts and adversaries, his misconduct in Cooper v Mansfield, his complete failure to acknowledge such misconduct or express any meaningful remorse therefor, his failure to pay the sanctions and counsel fees imposed in the underlying cases, his continued immaterial assaults in this sanction proceeding on the integrity of various courts and adversaries, his repeated attempts in this proceeding to relitigate this court's findings of liability, his abuse of subpoenas in this disciplinary proceeding, and in the absence of any mitigating factor, it is recommended that Respondent be suspended for three years."
The AGC now requests that this Court suspend respondent for at least three years and that his reinstatement be conditioned on his payment of the outstanding sanctions and attorney's fees awards. It argues that the Referee overlooked certain aggravating factors, including that respondent was untruthful when he claimed to have been previously unaware of this Court's civil contempt finding against him in the McDermott action.
As an initial matter, we find that the Referee erred in not finding this Court's holding respondent in civil contempt in the McDermott case to be an aggravating factor. While the Referee credited respondent's claim that he did not recall the contempt finding and found there was no definitive proof he was served with the underlying orders, this misses the point in that it is the contempt finding itself and failure to purge which aggravates respondent's current misconduct.
Nevertheless, the Referee's sanction recommendation is affirmed in full as it [*3]acknowledges the seriousness and breadth of respondent's misconduct, namely, frivolous and harassing litigation in four civil actions, undignified and discourteous conduct before the court in the Davler action, and false statements to the court in the Tribeca Equity action (which included unsupported personal attacks against Judges Samuels and d'Auguste) for which respondent was sanctioned over $46,000.
A three-year suspension also takes into account the significant aggravation, namely, respondent's failure to pay the sanctions, no acknowledgment of misconduct or remorse, repeated attempts to relitigate this Court's prior misconduct findings, misuse of subpoenas, respondent's prior history of having been sanctioned for filing a premature and frivolous default motion in Cooper v Mansfield, and this Court's prior civil contempt finding against him in the McDermott action for which the $12,340 contempt fine remains unpaid (see e.g. Matter of Steinberg, 167 AD3d 206 [1st Dept 2018]; Matter of Frelix, 134 AD3d 58 [1st Dept 2015], appeal dismissed 27 NY3d 1060 [2016], cert denied __ US __, 137 S Ct 1345 [2017]; Matter of Davey, 111 AD3d 207 [1st Dept 2013]; Matter of Chiofalo, 78 AD3d 9 [1st Dept 2010]; Matter of Abady, 22 AD3d 71 [1st Dept 2005]; Matter of Polur, 173 AD2d 82 [1st Dept 1992], lv denied 79 NY2d 756 [1992]).
Accordingly, respondent is suspended from the practice of law in the State of New York for a period of three years, nunc pro tunc to April 26, 2018 and until further order of this Court, with reinstatement conditioned on full satisfaction of all court ordered sanctions.
All concur.
Order filed. [February 21, 2019]
Motion is granted, respondent is suspended from the practice of law in the State of New York for a period of three years, nunc pro tunc to April 26, 2018 (the date of interim suspension), and until further order of this Court, with reinstatement conditioned upon respondent's full satisfaction of all court ordered sanctions.



Footnotes

Footnote 1:These civil actions include: Savitt v Daniel Express Communications, Inc; Davler Media Group, LLC v Astro Gallery of Gems; Tribeca Equity Partners LP v Savitt; and, Automation Graphics, Inc v Allan.

Footnote 2:By order of July 10, 2018, this Court denied respondent's motion to vacate his default and for renewal and reargument of our prior orders. Respondent unsuccessfully sought leave to appeal from this order as well (32 NY3d 1043 [2018]).

Footnote 3:The Referee also cited to the fact that in his 2014 sanction decision in the Tribeca Equity action Judge d'Auguste found that respondent had knowingly misused subpoenas by signing them himself when he was a party to the litigation.